**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **BORE-FLEX INDUSTRIES, INC., et al.,** | ) | |
| | ) | |
| **Plaintiffs** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 6:11- cv-03112-BCW** |
| | ) | |
| **TODD A. VOLKER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**SUGGESTIONS IN SUPPORT OF DEFENDANT TODD VOLKER'S**
**MOTION FOR RULE 11 SANCTIONS AGAINST PLAINTIFF AND ITS COUNSEL**

Defendant Todd A. Volker submits the following suggestions in support of his motion for

Rule 11 sanctions against plaintiff Bore-Flex Industries, Inc. and its counsel, Carnahan, Evans,

Cantwell & Brown, P.C., Rodney H. Nichols, Neale & Newman, L.L.P., and Paul G. White.

**FACTUAL BACKGROUND**

This action has been pending for nearly 3-1/2 years, when Bore-Flex filed a diversity

action against one of its directors and officers, defendant Todd Volker, on March 23, 2011.

Shortly prior to the filing of Bore-Flex's Complaint, Mr. Volker informed Bore-Flex and the

other directors on February 11, 2011 that he was in the process of retaining an attorney to file an

action against them and their outside counsel, Carnahan Evans, pertaining to their wrongful

actions to amend the Founders Loan Notes. (Ex. 1, Email from Todd Volker to Brad Cantwell,

2/11/2011.) Prior to Mr. Volker's February 11, 2001 email, neither Bore-Flex nor its counsel

had ever mentioned to Mr. Volker that they believed they had some type of claims against him.

Knowing that Mr. Volker was in the process of filing a shareholder derivative lawsuit,

Bore-Flex met privately with its counsel to conjure up claims against Mr. Volker so that they

could beat him to the courthouse. In a February 19, 2011 conference call between the other

Bore-Flex directors and its attorneys – in which they did not invite or include Mr. Volker even though he was one of the directors - they discussed the fact that Mr. Volker was going to sue on the Founders Loan Notes and that they needed to "get control of lawsuit". The attorneys further stated that "we are trying to protect the interest of the Bd. members", even though their fiduciary duties rested exclusively with the corporation, Bore-Flex. (Ex. 2, Handwritten Notes of Conference Call, 2/19/2011.) Near this same time, Bore-Flex's chairman and president, Michael Morgan, told both James Massengale and Bert Bridges that, "Todd didn't have a pot to piss in" and that if they simply sued him first that, "he would just go away". (Ex. 3 and Ex. 4, Affidavit of James Massengale at ¶9 and Affidavit of Bert Bridges at ¶9.) The following month, Bore-Flex filed this lawsuit against Mr. Volker before he could commence his shareholder derivative action.

Bore-Flex's First Amended Complaint alleges two wrongful acts by Mr. Volker[1]: first, that he used the Company's credit card for personal expenses; and second, that he entered into a Broker Agreement for the sale of the Company without authority to do so and without disclosing it to the Company. Bore-Flex had not previously complained to Mr. Volker of either of these two alleged improper acts. Moreover, Bore-Flex's counsel who filed the lawsuit, Carnahan Evans, admitted that it did so without first talking to Mr. Volker to get his side of the story. (Ex. 5, Deposition of Brad Cantwell, at pp. 248:17-249:6.)

During discovery, it became clear that Bore-Flex had no evidence to support either of its two claims against Mr. Volker. On June 4 and 5, 2014, defendant Volker's counsel took the Rule 30(b)(6) deposition of Bore-Flex's representative as to these claims, who conceded that Bore-Flex could not identify a single credit card charge by Mr. Volker that was for his personal

---

[1] Bore-Flex's Complaint also alleges that Bore-Flex was damaged by Mr. Volker's failure to pay his income taxes and his concealment of credit denials, but Bore-Flex's counsel stated during the preparation of the proposed jury instructions that these two alleged acts were not going to be pursued at trial.

benefit. (Ex. 6, Deposition of Michael Morgan, at pp. 243:2-14.) Bore-Flex further admitted that it is was part of Mr. Volker's duties as the CEO of the Company to find financing solutions and potential buyers for the Company and that Bore-Flex knew in 2008 or 2009 that Mr. Volker had been in contact with the Broker, Allegiance Capital. (Ex. 6, Deposition of Michael Morgan, at p. 199:2-12, 19-25.) More specifically, Bore-Flex admitted that Mr. Volker provided a signed copy of the Broker Agreement shortly after it was signed and that he was not trying to keep it a secret or to hide it. (Ex. 6, Deposition of Michael Morgan, at pp. 200:7-19.)

Based on Bore-Flex's lack of evidence to support its claims, on July 30, 2014 Volker filed a motion for summary judgment as to both of these claims. (Doc. #248.) However, Volker's motion for summary judgment was not ruled upon by the Court prior to Bore-Flex agreeing to dismiss its lawsuit with prejudice.

On October 9, 2014, this Court dismissed without prejudice Mr. Bridges' and Mr. Massengale's shareholder derivative claims for lack of subject matter jurisdiction. (Doc. #323.) This left remaining Bore-Flex's original diversity claims for jury trial scheduled for October 20, 2014. On October 15, 2014, five days before the jury trial was scheduled to commence, Bore-Flex filed its motion to dismiss all of its claims prejudice. (Doc. #325.)

## ARGUMENT

Rule 11(b) of the Federal Rules of Civil Procedure provides in pertinent part:

(b) REPRESENTATIONS TO THE COURT. By presenting to the court a pleading, written motion, or other paper-whether by signing, filing, submitting, or later advocating it-an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

    *      *      *

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;

"The central purpose of Rule 11 is to deter baseless filings in district court and thus . . . streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 393 (1990). As held by the Eighth Circuit, "[s]anctions may be warranted when a pleading is presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation, contains allegations or factual contentions that lack evidentiary support, or contains denials of factual contentions that are not warranted on the evidence." *Clark v. United Parcel Serv., Inc.,* 460 F.3d 1004, 1008 (8th Cir. 2006), *cert. denied* 549 U.S. 1340 (2007) (internal quotations and citations omitted).

In this case, defendant Volker contends that the filing and continued prosecution of Bore-Flex's diversity action against Mr. Volker violated subparagraphs (1) and (3) of Rule 11(b). As stated above, Bore-Flex's claims had never been mentioned prior to Mr. Volker informing Bore-Flex's directors and outside attorneys that he was in the process of commencing an action against them for their wrongful conduct in the amendment of the Founders Loan Notes. A few days after Mr. Volker informed them that he was going to file a lawsuit, Bore-Flex and its attorneys secretly met without Mr. Volker to discuss his claims and how to "get control of lawsuit". (Ex. 2, Handwritten Notes of Conference Call, 2/19/2011.) Bore-Flex filed its diversity action purely as a strategic device to beat Mr. Volker to the courthouse, because Mr. Morgan admitted that "Todd doesn't have a pot to piss in" and that if they filed first "he would simply go away". (Ex. 3 and Ex. 4, Affidavits of James Massengale and Bert Bridges.)

There was absolutely no evidentiary basis for Bore-Flex's claims, as established by Bore-Flex's Rule 30(b)(6) representative in his deposition. Faced with litigating these specious claims

before a jury on October 20, 2014, Bore-Flex decided to voluntarily dismiss all of its claims with prejudice the week before. Bore-Flex did not take this action until after 3-1/2 years and literally hundreds of thousands of dollars had been incurred in attorney fees, time and expense.

Moreover, Rule 11(b) required Bore-Flex's counsel to make "an inquiry reasonable under the circumstances." The allegations in Bore-Flex's Complaint simply could not have been made if Carnahan Evans had conducted a reasonable inquiry of its client. For instance, paragraph 10 of the Complaint alleges that it was not until January 13, 2011 that Bore-Flex learned of the existence of the January 28, 2009 Broker Agreement signed by Mr. Volker. But, Mr. Morgan clearly testified in his deposition that he knew about the Broker Agreement and that Mr. Volker was not trying to hide it or keep it secret from him. (Ex. 6, Deposition of Michael Morgan, at p. 200:7-19.)

Similarly, paragraph 20 of Bore-Flex's Complaint alleges that a review of the Bore-Flex credit card statement for the card issued to Mr. Volker revealed "repeated use of the credit card for personal and completely non-business related expenses incurred by Mr. Volker". However, when asked to identify such improper credit card charges on the statements, Mr. Morgan admitted that he could not identify a single one that was improper. (Ex. 6, Deposition of Michael Morgan, at p. 243:2-14.)

Moreover, Bore-Flex's counsel, Carnahan Evans, commenced this action without even contacting Mr. Volker to allow him to present his side of the story. (Ex. 5, Deposition of Brad Cantwell at pp. 248:17-249:6.) Had they done so, they would have easily discovered that Bore-Flex had no factual basis for its claims.

Further, shortly after Neale & Newman took over as counsel for Bore-Flex in this case, Mr. Volker's counsel requested that Mr. White take a fresh look at Bore-Flex's claims and stated

that Mr. White was not bound to continue the lawsuit previously filed by the Carnahan Evans law firm.  Mr. White gave no reaction or response to the request.  (Ex. 7, Affidavit of Robert J. Bjerg.)

## AMOUNT OF MONETARY SANCTION

Rule 11(b)(4) provides:

(4) *Nature of a Sanction.* A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant or part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

In the event this Court determines that Rule 11 monetary sanctions are appropriate, defendant Volker respectfully requests permission to file the billing statements of his counsel related to the time and expenses associated with the defense of Bore-Flex's claims, supported by the affidavit of his counsel.

## CONCLUSION

Bore-Flex should never have commenced this action against defendant Volker.  After Bore-Flex obtained new counsel, the case should have been dismissed.  Bore-Flex had no evidentiary basis for its claims, and its counsel failed to conduct any meaningful or reasonable inquiry.  More than three years after their filing, the claims were only dismissed with prejudice the week prior to trial.  The filing of this action has, quite literally, destroyed Mr. Volker's financial life.  As a result of Bore-Flex's action, Mr. Volker was compelled to file for personal bankruptcy protection, which continues to this day.  As a result, monetary sanctions against Bore-Flex and its counsel under Rule 11 are justified.

Respectfully submitted,

**COLANTUONO BJERG GUINN, LLC**

By: /s/ Robert J. Bjerg
ROBERT J. BJERG   MO #30736
7015 College Blvd., Suite 375
Overland Park, Kansas  66211
913.345.2555
913.345.2557 facsimile
bb@ksmolaw.com
Attorneys for Defendant Todd Volker

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of October, 2014 a copy of the above pleading was filed electronically with the Clerk of the Court via the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Robert J. Bjerg
Attorney for Defendant Todd Volker