IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| BORE-FLEX INDUSTRIES, INC., and<br>LAMSON PIPE COMPANY, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| vs. | )<br>) | |
| TODD A. VOLKER, | )<br>) | Case No. 6:11- cv-03112-BCW |
| Defendant. | ) | |

### MOTION OF BORE-FLEX INDUSTRIES, INC. TO STRIKE DEFENDANT TODD VOLKER'S MOTION FOR RULE 11 SANCTIONS AGAINST PLAINTIFF AND ITS COUNSEL

COMES NOW Plaintiff Bore-Flex Industries, Inc. ("Bore-Flex"), by and through its attorneys undersigned, and hereby respectfully requests the Court to strike Defendant Todd Volker's Motion for Rule 11 Sanctions Against Plaintiff and Its Counsel. The grounds for this Motion are set forth in the Suggestions in Support of this Motion set forth below.

### SUGGESTIONS IN SUPPORT

COMES NOW Plaintiff Bore-Flex Industries, Inc., by and through its attorneys undersigned, and for its Suggestions in Support of its Motion to Strike Defendant Todd Volker's Motion for Rule 11 Sanctions Against Plaintiff and Its Counsel, hereby states to the Court as follows:

#### BACKGROUND

On October 15, 2014, this Court, pursuant to stipulation of the parties, dismissed the First Amended Complaint herein, disposing of all then pending issues in this matter (Document #326). On October 29, Defendant Volker filed his Motion for Rule 11

Sanctions Against Plaintiff and Its Counsel (Document #327) and Suggestions in Support thereof (Document #328), referred to collectively herein as The Rule 11 Motion. According to The Rule 11 Motion, the allegedly offending pleadings(s) subject of The Rule 11 Motion are/were Plaintiffs' Complaint and/or First Amended Complaint. While Plaintiff Bore-Flex and its counsel have meritorious defenses to The Rule 11 Motion, this Motion to Strike is based upon procedural grounds, since "claims of non-compliance with [the procedural] provisions [of Rule 11] are subject to the general rule requiring issues to be first raised with the district court. Failure to timely raise the safe-harbor issue amounts to a forfeiture of the issue." **Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.**, 369 F.3d 385, 390 (4th Cir. 2004).

### A. DEFENDANT VOLKER'S MOTION IS FATALLY DEFECTIVE FOR FAILURE TO COMPLY WITH THE PROCEDURAL "SAFE HARBOR" REQUIREMENTS OF RULE 11(C)(2)

In pertinent part, the 1993 amendments to Rule 11 introduced the "safe harbor" requirements found in what was then Rule 11(c)(1)(A). That "safe harbor" provision is substantively the same as current Rule 11(c)(2), which provides as follows:

> …The motion must be served under Rule 5, but it must not be filed with the court if the challenged paper, claim, defense, contention or denial is not withdrawn or appropriately corrected within 21 days after service or within another time the court sets. …

Shortly after the effective date of that 1993 amendment, the 8th Circuit Court of Appeals issued a warning to future would-be Rule 11 movants as to the impact of that amendment. In **Kirk Capital Corp. v. Bailey,** 16 F.3d 1485, (8th Cir. 1994), the 8th Circuit Court of Appeals warned would-be movants that, under Rule 11 subsequent to the 1993 amendments (which admittedly did not apply to the facts of that case), "the

Motion for Sanctions could not have been '*filed* with or *presented to* the court *unless,* within 21 days after service of the motion ... the challenged ... claim ... is not withdrawn ...'"

Consistent with that position, the 8th Circuit Court of Appeals has held that the "safe harbor" provision Rule 11(c)(1)(A) requires that the movant serve the alleged offending party "with a copy of its proposed Rule 11 motion, providing [him] notice to withdraw the challenged motion twenty-one days prior to [movant's] filing of a motion with the court." **Gordon v. Unifund CCR Partners,** 345 F.3d 1028, 1029 (8th Cir. 2003). Because the movant "failed to comply with Rule 11's procedural requirements" the appellate court reversed the sanctions order because "the district court's awarding of sanctions against [the alleged offending party] in contravention of the explicit procedural requirements of Rule 11 was an abuse of discretion." *Id.* at 1030.

The various district courts in the 8th Circuit, when presented with procedural deficiencies in regard to Rule 11 sanction motions, have treated those procedural deficiencies consistent with the warnings and announcements from the 8th Circuit Court of Appeals. In **Fruehauf de Mexico, S.A. de C.V. v. Wabash Nat. Corp.,** No. 4:11 MC 281 RWS, 2012 WL 1405778 (E.D. Mo. Apr. 23, 2012), the district court for the Eastern District of Missouri denied a motion for sanctions because the copy of the proposed Rule 11 motion provided by the movant did not reflect additional activity that had occurred during the safe-harbor period. The court found that the movant "did not strictly follow Rule 11's procedural requirements. A party is not entitled to sanctions if the party moving for sanction 'failed to comply with Rule 11's procedural requirements.'" *Id.* at *2, quoting **Gordon,** 345 F.3d at 1030. The district court further characterized Rule 11 as

possessing "strict procedural requirements." *Fruehauf*, 2012 WL 1405778 at *2. **See also *Hawkeye-Sec. Ins. Co. v. Bunch*,** No. 4:08CV01071 ERW, 2009 WL 4430860, at *6 (E.D. Mo. Nov. 25, 2009) (denying Rule 11 motion where "Plaintiffs' counsel failed to serve Defendants with the motion prior to filing it with the Court and failed to wait the necessary 21 days").

The first notice of the Rule 11 Motion received by Bore-Flex was when the undersigned received the electronic filing notification. Bore-Flex did not receive any advance notice or "safe harbor" service in regard to The Rule 11 Motion. As can be seen from The Rule 11 Motion, Defendant Volker does not even attempt to suggest that Defendant Volker complied with the procedural requirements of Rule 11 prior to filing The Rule 11 Motion.

### B. SINCE THE FIRST AMENDED COMPLAINT WAS DISMISSED PRIOR TO THE FILING OF DEFENDANT VOLKER'S RULE 11 MOTION, THAT RULE 11 MOTION IS TIME BARRED

The Advisory Committee Notes to the 1993 Amendments provide that, with respect to the "safe harbor" provisions, "a party cannot delay serving its Rule 11 motion until conclusion of the case (or judicial rejection of the offending contention)." Therefore, after a case has been dismissed, either voluntarily or involuntarily, the filing of a motion for sanctions under Rule 11 is time barred.

Consistent with the dicta in ***Kirk Capital Corp., supra,*** the various courts addressing Rule 11 motions for sanctions filed after dismissal or final adjudication of the underlying case have consistently rejected such Rule 11 motions for sanctions. *See, e.g.,* ***Roth v. Green***, 466 F.3d 1179, 1193 (10th Cir. 2006); ***Ridder v. City of Springfield***, 109 F.3d 288, 297 (6th Cir. 1997); ***AeroTech, Inc. v. Estes,*** 110 F.3d

1523, 1528 (10th Cir. 1997); and **Roofers Local No. 20 Health & Welfare Fund v. Memorial Hermann Hosp. System**, 2007 WL 2030249, *3 (W.D. Mo. 2007).

## CONCLUSION

For the reasons stated above, Bore-Flex respectfully requests this Court to strike, or otherwise deny, Defendant Volker's Motion for Rule 11 Sanctions Against Plaintiff and Its Counsel on the procedural grounds set forth above and awarding Bore-Flex the reasonable expenses, including attorney fees, incurred in responding The Rule 11 Motion. If, however, the Court desires that The Rule 11 Motion be addressed on its merits, Bore-Flex requests the Court to enter its order establishing a briefing and hearing schedule in regard to The Rule 11 Motion.

**NEALE & NEWMAN, L.L.P.**

By: /s/ Paul G. White
    Paul G. White, #28774

1949 East Sunshine, Suite 1-130
P. O. Box 10327
Springfield, MO 65808
Telephone: (417) 882-9090
Facsimile: (417) 882-2592
E-mail: pwhile@nnlaw.com
**ATTORNEYS FOR PLAINTIFF**
**BORE-FLEX INDUSTRIES, INC.**

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served electronically to those parties who have entered an appearance in the Court's Electronic Court Filing (ECF) System and conventionally, via first-class mail, postage prepaid, to those parties who have requested notice but are not participating in the ECF System, on this 13th day of November, 2014.

                            NEALE & NEWMAN, L.L.P.

                            By: /s/ Paul G. White
                                  Paul G. White, #28774