IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| BORE-FLEX INDUSTRIES, INC., and<br>LAMSON PIPE COMPANY, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| vs. | )<br>) | |
| TODD A. VOLKER, | )<br>) | Case No. 6:11- cv-03112-BCW |
| Defendant. | ) | |

## REPLY TO DEFENDANT TODD VOLKER'S SUGGESTIONS IN OPPOSITION TO NEALE & NEWMAN, L.L.P. AND PAUL G. WHITE 'S MOTION TO STRIKE DEFENDANT TODD VOLKER'S MOTION FOR RULE 11 SANCTIONS

COME NOW the Law Firm of Neale & Newman, L.L.P. and Paul G. White, and for their reply to Defendant Todd Volker's Suggestions in Opposition to its Motion to Strike Defendant Todd Volker's Motion for Rule 11 Sanctions Against Plaintiff and Its Counsel hereby state as follows:

The position taken by Defendant Volker in his Suggestions in Opposition (Document #332) to Motions to Strike Motion for Rule 11 Sanctions (Documents #329, 330, and 331) is confusing, at best. On the one hand, Defendant Volker appears to concede that Defendant Volker failed to comply with the safe harbor requirements of Rule 11 before filing his Motion for Rule 11 Sanctions (Document #327). On the other hand, Defendant Volker persists in requesting this Court to enter <u>monetary</u> sanctions against various parties and their counsel in the previously dismissed action. In what appears to be a change in position, Defendant Volker now requests the Court to grant the same relief, but does so under the guise of requesting the Court to grant that relief

*sua sponte*.[1] In making this apparent change in position, Defendant Volker, again, ignoring the plain provisions of Rule 11. Rule 11, on its face, imposes certain limitations upon the Court, as to when the Court may grant any monetary sanctions as requested by Defendant Volker. Rule 11.(c)(5) provides as follows:

> (5) **Limitations on Monetary Sanctions**. The court must not impose a monetary sanction:
>
> **(A)** against a represented party for violating Rule 11 (b)(2); or
>
> **(B)** on its own, unless it issued the show-cause order under Rule 11(c)(3) before voluntary dismissal or settlement of the claims made by or against the party that is, or whose attorneys are, to be sanctioned.

As the record reflects, no such show cause order was issued under Rule 11.(c)(3) prior to the dismissal of the above matter (Documents #325 and 326). Accordingly, Defendant Volker is, again, asking the Court to grant relief pursuant to Rule 11 that is actually proscribed by Rule 11.

In advancing his claim that monetary sanctions should be entered, Defendant Volker cites ***Cooter & Gell v. Hartmarx Corporation***, 496 U.S. 384, 395 (1990) for the proposition that "[t]he United States Supreme Court has made it clear . . . that Rule 11 sanctions should be available to a party even after a complaint is voluntarily dismissed under Rule 41." Any reliance upon the ***Cooter & Gell*** opinion for that proposition is misguided for at least two reasons. First, the ***Cooter & Gell*** opinion was handed down in 1990, some three years before the implementation of the Safe Harbor provisions of Rule 11 in the 1993 amendment. Second, the Rule 11 motion for sanctions involved in

---

[1] Defendant Volker seems to ignore the fact that if this Court acted upon the request of Defendant Volker, the Court would not be acting *sua sponte*.

2

***Cooter & Gell*** was on file with the court under the then-existing Rule 11 prior to the dismissal of the complaint involved in that case. As such, the ***Cooter & Gell*** opinion stands for nothing more than the fact that the court had jurisdiction to rule that pending motion on file under the then-existing Rule 11 prior to the dismissal of the complaint.

Defendant Volker also cites the opinion of ***Cruz v. Zwart,*** 2014 WL 4771664 (N.D.N.Y.) for the proposition that the Court may excuse the twenty-one day safe harbor notice requirement contained in Rule 11 in order to impose sanctions against a party *sua sponte*. While the court in ***Cruz*** may have suggested that it felt it had the authority to dismiss the then-pending complaint as a sanction under Rule 11, *sua sponte*, the ***Cruz*** court specifically declined to dismiss the pending complaint as a Rule 11 sanction. Instead, the Court in ***Cruz*** merely revoked the *in forma pauperis* status of the plaintiff and dismissed the complaint, "unless, within 30 days of the issuance of an order approving recommendation, plaintiff pays the full $400 filing fee." At no point in the ***Cruz*** opinion did the ***Cruz*** court ever indicate that it would have had the authority to have entered a <u>monetary</u> sanction against the plaintiff, *sua sponte*, after the subject complaint had been dismissed or in the absence of a show cause order being entered under Rule 11 prior to the dismissal of the underlying complaint.

Simply stated, Defendant Volker seeks to have the Court impose monetary sanctions against parties and attorneys under circumstances in which Rule 11 does not authorize the imposition of such sanctions. Since Defendant Volker can provide the Court with no authority for the imposition of monetary sanctions under Rule 11 in the circumstances of this case and provides no authority for the proposition that the pending

3

Motions to Strike Defendant Volker's Motion for Rule 11 Sanctions, the respective Motions to Strike that motion for sanctions must be granted.

          **NEALE & NEWMAN, L.L.P. AND PAUL G. WHITE**

          By: /s/ Paul G. White
               Paul G. White, #28774

          1949 East Sunshine, Suite 1-130
          P. O. Box 10327
          Springfield, MO 65808
          Telephone: (417) 882-9090
          Facsimile: (417) 882-2592
          E-mail: pwhile@nnlaw.com

## CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing document was served electronically to those parties who have entered an appearance in the Court's Electronic Court Filing (ECF) System and conventionally, via first-class mail, postage prepaid, to those parties who have requested notice but are not participating in the ECF System, on this 11th day of December, 2014.

          NEALE & NEWMAN, L.L.P.

          By: /s/ Paul G. White
               Paul G. White, #28774